# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NAYLOR SCOTT,

    Plaintiff,

v.                                              Case No. 4:18-cv-45-RH/MJF

LT. WILLIAMS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

      This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on Defendants Williams and Pleas's motion for summary judgment and evidentiary materials. (Doc. 34 (motion); Doc. 33 (evidentiary materials)). Plaintiff Scott was ordered to respond by June 14, 2019. (Doc. 37). Scott has not responded. The undersigned recommends that Williams and Pleas's motion for summary judgment be treated as a motion to dismiss; that the motion be granted; and that Scott's claims against Williams and Pleas be dismissed for failure to exhaust administrative remedies. The undersigned also recommends that Scott's claims against the

remaining Defendants (Officer Lane and Officer Peters) be dismissed without prejudice for Scott's failure to timely serve them.[1]

## I. Background and Procedural History

Scott initiated this action on January 12, 2018, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1 at 9 in ECF). At that time, Scott was a prisoner of the Florida Department of Corrections confined at Florida State Prison. (*Id*. at 3). Scott was released from state prison on March 30, 2019. (Doc. 30).

Scott's amended complaint names as Defendants four officers at the Leon County Jail – Officers Williams, Pleas, Lane, and Peters. (Doc. 9 at 1-3). Scott claims that on March 4, 2014, during his incarceration at the Jail, the Defendants violated his constitutional rights by failing to protect him from an inmate assault and by using excessive force on him after the assault. (*Id*. at 6-9). As relief, Scott seeks $150,000.00 for "pain and suffering." (*Id*. at 9).

## II. Discussion

> **A. Scott's Claims Against Defendants Williams and Pleas Should be Dismissed for Failure to Exhaust Administrative Remedies**

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Defendants Williams and Pleas move for summary judgment on the ground that Scott failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. 34). In addition, Defendant Williams contends that Scott's amended complaint fails to allege any actions on his part that support a finding that he violated Scott's constitutional rights. (*Id.*). Because the exhaustion issue is dispositive, this Report and Recommendation is confined to that issue.

### i.   Exhaustion Requirement

The PLRA provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("The 'available' 'remed[y]' must be 'exhausted' <u>before</u> a complaint under § 1983 may be entertained.")

(emphasis added); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). "[T]he PLRA exhaustion requirement requires <u>proper</u> exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. Because Scott was a prisoner when he filed this lawsuit, and his suit concerns the conditions of his incarceration at a jail, the PLRA's exhaustion requirement applies.

### ii.     **Procedure for Ruling on Exhaustion Defense**

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the PLRA.

The court held that the defense of failure to exhaust should be treated as a matter in abatement. *See id*. at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative

remedies." *Id*. Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies.

### iii.    Application of *Turner* Procedure

Scott did not respond to Defendants' motion to dismiss, and his amended complaint does not contain any allegations concerning exhaustion. Accordingly, the following facts, which are undisputed, are drawn from Defendants Williams and Pleas's motion to dismiss. (Docs. 33, 34).

In March 2014, the Leon County Jail maintained a policy relating to inmate rights. (Doc. 34 at 3; Doc. 33-1, Bush Aff. ¶ 3). The policy—Standard Operating Procedure 450.J1—is entitled "Inmate Rights." (Doc. 34 at 3, Doc. 33-1, Bush Aff. ¶ 3 and Ex. 1). The policy contains an inmate grievance procedure. (*Id*.). The grievance procedure, as it existed in March 2014, requires an inmate to first make an Officer aware of his problem or complaint by submitting a written complaint on the "Note from Prisoner" form. (Doc. 34 at 3; Doc. 33-1, Bush Aff. ¶ 6, Ex. 1 at 3-4, Ex. 2 at 26). This initial written complaint is reviewed at the Officer level, and a response is provided. (Doc. 34 at 3; Doc. 33-1, Ex. 2 at 26). If the inmate is dissatisfied with the response, he must submit a formal grievance to the Jail Director using a new "Note from Prisoner" form, and must attach a copy of his original "Note

from Prisoner" containing his initial written complaint. (Doc. 34 at 3; Doc. 33-1, Bush Aff. ¶ 6, Ex. 1 at 3-4, and Ex. 2 at 26). If dissatisfied with the formal grievance result, the inmate may file an appeal to the Jail Director using a new "Note from Prisoner" form. (*Id*.).

The Leon County Jail maintained an inmate handbook in March 2014, which outlined the inmate grievance procedure. (Doc. 34 at 4; Doc. 33-1, Bush Aff. ¶ 4 and Ex. 2). Inmates were advised of the existence of the handbook and that the grievance procedure was available to them to address any complaints or grievances about jail conditions or incidents occurring within the jail. (*Id*.). A copy of the inmate handbook is maintained at the Officers' stations in each of the housing pods, and is available for inmates to review. (*Id*. ¶ 5).

The Leon County Jail has an Inmate Grievance Tracking log that maintains all inmate grievances since 2005. (Doc. 34 at 4; Doc. 33-1, Bush Aff. ¶ 6). The log is kept on a computer drive that is accessible only to the Detention Facility's Command staff. (*Id*.). The current Facility Investigator, Lieutenant Tyler Bush, performed a diligent search of the Inmate Grievance Tracking log, and found only one "Note from Prisoner" from Scott concerning the March 4, 2014, incident. (Doc. 34 at 4; Doc. 33-1, Bush Aff. ¶¶ 2, 8). Specifically, on July 10, 2014, Scott submitted an initial written complaint about the March 4, 2014, incident on a "Note from

Prisoner" form. (Doc. 33-1, Bush Aff. ¶ 8 and Ex. 3). The complaint identified Defendants Williams and Pleas. (*Id*.). After an investigation of the incident, Captain Davis found Scott's allegations "unfounded." (*Id*.). Scott did not file any further grievance or appeal concerning the March 4, 2014, incident. (Doc. 33-1, Bush Aff. ¶ 9). Under the Jail's standard operating procedure relating to grievances, Scott was required to seek further review of Captain Davis' response to his July 10, 2014, "Note from Prisoner." (*Id*., ¶ 10). Scott's failure to comply with the grievance procedure renders his claims unexhausted.

Defendants Williams and Pleas's motion to dismiss proves that Scott failed to properly exhaust his available administrative remedies before filing this lawsuit. Scott's failure to exhaust requires dismissal of his claims against Williams and Pleas.

### B. Scott's Claims Against Defendants Lane and Peters Should be Dismissed for Failure to Timely Serve Them

Scott's amended complaint was filed on May 7, 2018. (Doc. 9 at 1). The court issued a service order on October 22, 2018. (Doc. 17). To date, Defendants Lane and Peters have not been served (or waived service) because their whereabouts are unknown.

Federal Rule of Civil Procedure 4 provides in relevant part:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice

>against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

For litigants proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). In the case where the *in forma pauperis* plaintiff is a *pro se* prisoner, the Eleventh Circuit held:

>It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison. Thus, . . . as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.

*Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Fowler v. Jones*, 899 F.2d 1088, 1095-96 (11th Cir. 1990) (holding that prisoner-litigant proceeding *in forma pauperis* was not at fault for failure to effect timely service when he acted reasonably by requesting service on the appropriate defendant and attempting to remedy any service defects he knew about).

In response to this court's service order, on October 29, 2018, the United States Marshals Service attempted to obtain the Defendants' waivers of service by mailing the required documents to the Defendants at the addresses Scott provided. (Docs. 19-22). Scott identified the Leon County Jail as the address for each Defendant. (Doc. 9). Defendants Williams and Pleas waived service. (Docs. 19, 20). The mail for Defendants Lane and Peters was returned as undeliverable on November 28, 2018, and December 7, 2018, respectively. (Docs. 21, 22). The mail was marked: "Return to Sender – Undeliverable as Addressed – Unable to Forward." (Doc. 21).

On April 8, 2019, after Scott was released from prison, the court entered an order advising him that service efforts on Defendants Lane and Peters were unsuccessful because they were no longer located at the address he provided. The court informed Scott that because he was no longer incarcerated, he was responsible for providing the Marshals Service with current addresses for Lane and Peters so they could be served (or given the opportunity to waive service). (Doc. 29). The court set a 14-day deadline for Scott to file a Notice that: (1) provided current addresses for Defendants Lane and Peters, or (2) detailed the efforts he made to obtain current addresses for Lane and Peters, and the result of each effort. (*Id.*). The court warned Scott that failure to comply with the order, or establish good cause for

that failure, would result in his claims against Lane and Peters being dismissed under Rule 4(m). (Doc 29 at 2, 3). Scott did not respond to the order.

Accordingly, on May 15, 2019, the court ordered Scott to show cause, within fourteen days, why his claims against Defendants Lane and Peters should not be dismissed for failure to prosecute, failure to comply with a court order, and failure to timely effect service. (Doc. 36). Scott was warned that failure to respond to the show cause order likely would result in dismissal of his claims against Lane and Peters. (*Id.*). Scott has not responded to the April 8, 2019, order, or the May 15, 2019, show cause order. The court has received no communication from Scott in over five months—since his release from prison. (*See* Doc. 30).

Defendants Lane and Peters's whereabouts remain unknown. Scott has not shown good cause to further extend the time for service. Scott's claims against Defendants Lane and Peters should be dismissed under Rule 4(m).[2]

### III. Conclusion

---

[2] Additionally, it is clear that Scott would be unable to maintain his claims against Defendants Lane and Peters for the same reason as that asserted by Defendants Williams and Pleas—Scott failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants Williams and Pleas's motion for summary judgment (Doc. 34), construed as a motion to dismiss, be **GRANTED**, and that Plaintiff's claims against Williams and Pleas be **DISMISSED** for failure to exhaust administrative remedies.

2. Plaintiff's claims against Defendants Lane and Peters be **DISMISSED** under Fed. R. Civ. P. 4(m).

3. The clerk of court be directed to close this case file.

At Panama City, Florida, this 24th day of September 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**